IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREG DUNIGAN, # B-87014,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-1214-NJR |
| ) | |
| **MELISSA COFFEY,** ) | |
| **COUNSELOR GROTT, WARDENS,** ) | |
| **ADJUSTMENT COMMITTEE,** ) | |
| **COUNSELOR RYANN,** ) | |
| **COUNSELOR NIPPE, GAIL WALLS,** ) | |
| **OFFICER ELLETTE, NICOLE LEWIS,** ) | |
| **MORGAN TEAS, LT. PHAROE,** ) | |
| **SGT. SCOTT, GETTING,** ) | |
| **LORI OAKLEY, DR. FURENTES,** ) | |
| **MENARD CORRECTIONAL CENTER,** ) | |
| **and UNKNOWN PARTIES (Mailroom,** ) | |
| **Medical Records, Jane Doe Nurse, and** ) | |
| **John Doe Physical),** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

This matter is before the Court for a status review. On September 20, 2016, the Court evaluated Plaintiff's original complaint and subsequent attempts to amend or supplement the complaint and concluded that none of the proposed amendments/supplements could stand alone as an amended complaint (Doc. 15). The Court advised Plaintiff that if he wished to amend the original complaint, he must submit a new amended complaint no later than October 25, 2016. If no amended pleading was filed, the Court would conduct the required merits review on the original complaint (Doc. 1).

Plaintiff has not submitted an amended complaint, and he has not responded to the September 20 Order in any way. Thus his original pleading (Doc. 1) stands as the operative complaint and is

now ripe for review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff's claims arose while he was incarcerated at Menard Correctional Center ("Menard"). He has since been released on parole (Doc. 13). The complaint consists of 24 pages (Docs. 1, 1-1) and includes 50 pages of exhibits (Docs. 1-2, 1-3). Thirteen individuals are named as Defendants.

Several unknown parties, the Adjustment Committee, and Menard Correctional Center are also named. The statement of claim begins with:

> This Complaint is against Menard and Menard Medical Staff for violating my constitutional rights in various different ways starting from denial of medical, and mental treatment, assistance, and medication for serious and deadly illnesses beginning from 2-13-15 . . . until today which is 10-22-15.

(Doc. 1, p. 5). Plaintiff then accuses Defendants generally of committing a host of offenses against him, ranging from verbal abuse to theft, bribery, conspiracy, and attempted murder. *Id*.

The statement of claim includes general allegations of deliberate indifference to Plaintiff's medical needs (Doc. 1, pp. 5-12). The majority of the attached exhibits also relate to medical and mental health matters. Plaintiff claims to suffer from stage three syphilis, herpes, seizures, high blood pressure, asthma, osteomyelitis ("a deadly bone infection of the mouth"), migraine headaches from a previous brain surgery, and severe stress and depression (Doc. 1, pp. 6, 10). As a result of Defendants' failure to provide timely treatment for his syphilis and herpes, Plaintiff asserts that he is at risk for developing liver cancer and AIDS, and he concludes, "I am the walking dead" (Doc. 1, p. 7). He states that over his nine months of confinement at Menard, he should have received six different medications for his various conditions. However, the only medication given to him was his seizure medication–which was provided for only a two-month period and was then discontinued (Doc. 1, p. 11). The complaint does not identify which of the named Defendants failed to provide medical treatment to Plaintiff.

The statement of claim then shifts to an entirely different issue. Plaintiff asserts that Defendants Melissa Coffey (Mental Health) and Grott (Counselor) conspired to falsely accuse him of sexual misconduct in order to have him thrown into "solitary confinement" (Doc. 1, pp. 12-13; Doc. 1-1, pp. 3-5). He heard the two discussing filing disciplinary charges against him when he came to Defendant Grott's office to take a telephone call from his attorney (Doc. 1-1, p. 4). Defendants Coffey and Grott then overheard Plaintiff's phone call with the attorney, during which Plaintiff and

the attorney discussed legal documents (including a re-drafted complaint for his earlier-filed case) that Plaintiff planned to give the attorney at an upcoming visit. He claims that these Defendants knew that they "had become defendants too" in the revised complaint, and that they would be in "big trouble" if Plaintiff were able to give his attorney the documents and evidence against them (Doc. 1, p. 12). Soon after this attorney phone call, Defendants Coffey and Grott filed the disciplinary charges against Plaintiff (Doc. 1, pp. 12-13).

Plaintiff additionally claims that Defendants Coffey and Grott pretended to be in an improper relationship with him in order to set him up to go to solitary confinement for 60 days (Doc. 1-1, p. 1). He also indicates that they brought the disciplinary charges because he found out about an illicit relationship that Defendant Coffey was involved in (Doc. 1-1, p. 2). Plaintiff spent 60 days in segregation as a result of the allegedly false charges[1] (Doc. 1-1, pp. 1, 4). He filed three grievances against Defendant Coffey for sexual misconduct and for falsely accusing Plaintiff of that offense (Doc. 1-1, p. 2). The grievances were ignored.

The attorney referenced by Plaintiff had been appointed by the undersigned to represent him in a previously-filed case which is still pending before this Court, *Dunigan v. Lang, et al.*, Case No. 15-cv-487-NJR-DGW (for clarity, that earlier case will be referred to in this order as *Dunigan I*).[2] While Plaintiff was in solitary confinement, Defendants Coffey and Grott withheld Plaintiff's legal mail and his re-drafted complaint from *Dunigan I*, so that he was unable to give the papers to his lawyer (Doc. 1-1, p. 6). Because of those missing documents, Plaintiff claims that twenty defendants

---

[1] Plaintiff includes with his exhibits copies of two final summary reports from disciplinary charges filed by Defendant Coffey on September 15, 2015 (Doc. 1-2, pp. 1, 3). In both cases, Defendant Coffey received inappropriate written communications from Plaintiff. The Adjustment Committee found him not guilty of the sexual misconduct charges in both cases, but found him guilty of insolence. He was punished with one month of segregation for each charge.

[2] In *Dunigan I*, Plaintiff is seeking damages related to inadequate medical care during his incarceration at Menard. Plaintiff asserted in that action that he suffers from several serious medical conditions, including sexually transmitted diseases (STDs), and that the five defendants in that case (Menard Nurses Lang, Anchita, Coronda, R. Pollion, and Oakley) failed to provide him with medical care and withheld necessary medications for his STDs and possibly for other conditions.

were left out of *Dunigan I* [3] (Doc. 1-1, p. 6). The documents also included evidence against Defendants Coffey and Grott (information which Plaintiff says that he did ultimately send to the lawyer) (Doc. 1-1, p. 1-2). Plaintiff claims that "the Wardens and Medical are connected in this scam" (Doc. 1-1, p. 5).

Plaintiff abruptly concludes his statement of claim by saying that he is out of ink and will "send the rest next week" (Doc. 1-1, p. 6). As detailed in this Court's Order on September 20, 2016 (Doc. 15), the documents Plaintiff subsequently sent to the Court cannot be considered as part of the operative complaint.

The complaint includes a request for relief, in which Plaintiff seeks immediate medical release from prison, dismissal of the criminal conviction for which he was then serving time, financial compensation for the neglect of his medical conditions, a divorce from his wife, and that Defendants Pollion, Lang,[4] Furentes, Walls, and Lewis be sentenced to jail time (Doc. 1-1, pp. 9-10).

## MERITS REVIEW PURSUANT TO 28 U.S.C. § 1915A

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's claims into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:** Eighth Amendment claim for deliberate indifference to Plaintiff's medical and mental health needs, in that he did not receive treatment or medication for his serious medical conditions, with the exception that he was given mental health medication for two months while at Menard;

**Count 2:** Fourteenth Amendment claim against Defendants Coffey and Grott,

---

[3] The Court notes that Plaintiff filed his second amended complaint in *Dunigan I*, with the assistance of appointed counsel, on October 15, 2015 (Doc. 24 in *Dunigan I*, Case No. 15-487), naming only the five nurses (Lang, Anchita, Coronda, R. Pollion, and Oakley) as defendants.

[4] Pollion and Lang are not named as Defendants in the instant action, but are defendants in *Dunigan I*.

      for deprivation of a liberty interest without due process, for bringing false disciplinary charges against Plaintiff that resulted in his confinement in segregation for 60 days;

**Count 3:**  First Amendment claim against Defendants Coffey and Grott, for denying Plaintiff access to the courts by withholding Plaintiff's legal documents, and preventing him from giving those documents to his attorney in *Dunigan I*;

**Count 4:**  First Amendment retaliation claim against Defendants Coffey and Grott, for withholding Plaintiff's legal documents and bringing false disciplinary charges against him, after learning that Plaintiff intended to bring suit against them.

**Count 1–Deliberate Indifference to Medical/Mental Health Conditions**

  Plaintiff's pending action in *Dunigan I* focuses on deliberate indifference to his need for treatment of STDs by five nurses. The language of the operative complaint in *Dunigan I* also includes general allegations that the defendants in that action denied and withheld Plaintiff's prescription medications. That claim is worded broadly enough to potentially encompass Plaintiff's medical claim in this action for the denial of medications for his mental health and other conditions he describes in the complaint. That redundancy between *Dunigan I* and the instant action would point toward the dismissal of at least the medication claims in Count 1 in this action. But that is not the only problem with Count 1.

  More fundamentally, Plaintiff fails to associate any particular Defendant with the claims for deliberate indifference to serious medical needs in Count 1. For example, he does not include any facts to describe which of the many Defendants took away his mental health medications, or which person refused to provide his other prescriptions. Merely including a Defendant in the case caption or the list of parties is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights. Plaintiff failed to do this with regard to the medical/mental health claims in Count 1. The complaint therefore fails to state a claim upon which relief may be granted for deliberate indifference to Plaintiff's medical or mental

health needs.

For these reasons, **Count 1** shall be dismissed from this action. Because Plaintiff has already been granted leave to amend his complaint in this action, yet failed to do so, the dismissal of Count 1 from *this* action shall be a dismissal with prejudice. This dismissal, however, shall not affect Plaintiff's prosecution of the deliberate indifference claims in *Dunigan I*.

**Count 2–False Disciplinary Charges/Due Process**

In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974) (advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed). The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *Hanrahan*, 747 F.2d at 1140, but determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation.

In the instant complaint, Plaintiff states that Defendants Coffey and Grott falsely accused him of sexual misconduct and insolence, based on two letters authored by Plaintiff and received by Defendant Coffey. After the two tickets were heard by the Adjustment Committee, Plaintiff was found guilty only of insolence; the sexual misconduct charges were not sustained. He was punished with two months in segregation (one month for each insolence charge) (Doc. 1-2, pp. 1, 3). Plaintiff does not mention anything improper about the hearing(s) on these charges, and there is no suggestion that he was denied the due process protections described in *Wolff*. Additionally, Plaintiff's exhibits demonstrate that the decision of the disciplinary hearing board was supported by "some evidence," *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994)–*i.e.*, the letters themselves and the word of

Defendant Coffey. Even a meager amount of supporting evidence is sufficient to satisfy this facet of the due process inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Assuming for the sake of argument that there was some due process violation in the conduct of Plaintiff's disciplinary hearing, under the facts presented in the complaint, he still does not have a viable constitutional claim based on the "false" charges. Under certain limited circumstances, an inmate punished with segregation may be able to pursue a claim for deprivation of a liberty interest without due process of law. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). However, those circumstances are not present in the instant case.

An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her disciplinary confinement impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997) (in light of *Sandin*, "the right to litigate disciplinary confinements has become vanishingly small"). For prisoners whose punishment includes being put in disciplinary segregation, under *Sandin*, "the key comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population." *Wagner*, 128 F.3d at 1175.

The Seventh Circuit has elaborated two elements for determining whether disciplinary segregation conditions impose atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured by the prisoner during that period." *Marion*, 559 F.3d at 697-98 (emphasis in original). The first prong of this two-part analysis focuses solely on the duration of disciplinary segregation. For relatively short periods of disciplinary segregation, inquiry into specific conditions of confinement is unnecessary. *See Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 days); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days) ("a relatively short period when one considers his 12 year prison sentence"). In these cases, the short duration of the disciplinary segregation forecloses any due process liberty interest regardless of

the conditions. *See Marion*, 559 F.3d at 698 ("we have affirmed dismissal without requiring a factual inquiry into the conditions of confinement").

In Plaintiff's case, he was given only 60 days total in segregation as a result of the two disciplinary offenses. With the short duration of that segregation term, under *Marion*, inquiry into the conditions of Plaintiff's disciplinary confinement is not warranted. Notably, the complaint does not mention any conditions that would suggest Plaintiff was subjected to any "atypical [or] significant hardship" during the 60 days he spent in segregation.

Accordingly, the due process claim in **Count 2** against Defendants Grott and Coffey shall be dismissed for failure to state a claim upon which relief may be granted. As with Count 1, this dismissal shall be with prejudice, in light of the fact that Plaintiff had the opportunity to amend his complaint prior to the Court's merits review, but chose not to do so.

**Count 3–Access to Courts**

Plaintiff's allegation that Defendants Coffey and Grott withheld his legal documents relating to *Dunigan I* so that he was unable to give them to his attorney raises the question of whether those actions denied Plaintiff access to the courts.

An inmate has no constitutional claim for denial of access to the courts unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). In order to prevail, the inmate must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994). *See also Martin v. Davies,* 917 F.2d 336, 340 (7th Cir. 1990); *Howland v. Kilquist,* 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987). Mere delay alone does not suffice to show detriment to a legal action. Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid v. Vail*,

969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). An allegation of detriment must be more than merely conclusory.

Here, Plaintiff claims that twenty defendants were left out of his case in *Dunigan I* as a result of his inability to give his re-drafted complaint and other documents to his lawyer. However, the record in *Dunigan I* does not indicate any attempt by Plaintiff's counsel to add those allegedly omitted defendants. In fact, counsel informed the Court that despite Plaintiff's inability to provide him with documents during his associate's visit to Menard, he had spoken to Plaintiff by telephone and had a sufficient understanding of Plaintiff's claims to prepare an amended complaint on Plaintiff's behalf, if the Court would extend the deadline to file the amendment (Doc. 22 in *Dunigan I*). The extension was granted, the Second Amended Complaint in *Dunigan I* (naming five defendants) was timely filed, and the case is proceeding on that complaint. Based on this record, there is no indication that Plaintiff's case suffered any detriment as a result of his inability to give his documents to his attorney while he was in segregation.

Accordingly, **Count 3** against Defendants Coffey and Grott for denial of access to the courts shall be dismissed for failure to state a claim upon which relief may be granted. Because *Dunigan I* is still pending, out of an abundance of caution, the dismissal of Count 3 shall be without prejudice.

**Count 4–Retaliation**

This retaliation claim is based in part on the withholding Plaintiff's legal documents by Defendants Coffey and Grott–but in this claim, the Defendants' motivation is at issue. Likewise, Count 4 encompasses these Defendants' action of filing allegedly false disciplinary charges against Plaintiff (which was also the foundation of Count 2). The complaint suggests that Defendants Coffey and Grott withheld the documents and filed the charges after learning that Plaintiff intended to add them as defendants in his ongoing lawsuit in *Dunigan I*.

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866

(7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action(s). *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

Plaintiff has sufficiently alleged that Defendants Coffey and Grott were motivated by the knowledge that Plaintiff intended to sue them when they filed disciplinary charges on him and withheld his legal documents. However, whether the actual sequence of events supports a retaliation claim, and whether retaliation was a motivating factor for the actions of Defendants Coffey and Grott, are questions that cannot be resolved at the pleading stage of this case. Accordingly, Plaintiff's retaliation claim in **Count 4** shall proceed for further review.

**Dismissal of Additional Defendants**

The sole surviving claim, Count 4, involves only Defendants Coffey and Grott. Plaintiff has named a number of other individuals and unknown parties as Defendants in this case. He has failed to include any allegations against those additional Defendants in his statement of claim, however, with the exception of one general statement that the "Wardens and Medical" were involved in the "scheme" to withhold his legal documents. As discussed above in Count 3, the withholding of those documents does not support a cognizable claim for denial of access to the courts. Further, this allegation does not support a claim in Count 4 for retaliation involving the "Wardens and Medical."

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Plaintiff's statement of claim includes no factual allegations whatsoever against Defendants Ryann, Nippe, Walls, Ellette, Lewis, Teas, Pharoe, Scott, Getting, Oakley, or Furentes. The complaint similarly lacks any allegations referencing the unknown or institutional Defendants: the Wardens, Adjustment Committee, Menard Correctional Center, and the Unknown Parties (Medical Records, Mailroom, Jane Doe Examine Nurse, and John Doe Physical). Accordingly, Plaintiff fails to state a claim against these parties. As a result, Defendants Wardens, Adjustment Committee, Ryann, Nippe, Walls, Ellette, Lewis, Teas, Pharoe, Scott, Getting, Oakley, Furentes, Menard Correctional Center, and the Unknown Party Defendants (Medical Records, Mailroom, Jane Doe Examine Nurse, and John Doe Physical) will be dismissed from this action. As noted above, Plaintiff was given ample opportunity to amend his complaint in order to better articulate his claims against any of the named Defendants, yet he chose not to submit an amended pleading. For this reason, the dismissal of the above Defendants shall be a dismissal with prejudice.

## DISPOSITION

**COUNTS 1 and 2** are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. **COUNT 3** is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Defendants **WARDENS, ADJUSTMENT COMMITTEE, RYANN, NIPPE, WALLS, ELLETTE, LEWIS, TEAS, PHAROE, SCOTT, GETTING, OAKLEY, FURENTES,**

**MENARD CORRECTIONAL CENTER,** and **UNKNOWN PARTY (Medical Records, Mailroom, Jane Doe Examine Nurse, and John Doe Physical)** are **DISMISSED** from this action with prejudice.

As to **COUNT 4**, the Clerk of Court shall prepare for Defendants **COFFEY** and **GROTT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 21, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**